**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-80832-ALTMAN**

**KAREEM ANDRE WILLIAMS**,

      *Plaintiff,*

*v.*

**DEPUTY HAAS**, *et al.*,

      *Defendants.*

_____/

**<u>ORDER</u>**

Our Plaintiff, Kareem Andre Williams, has filed an amended civil-rights complaint under 42 U.S.C. § 1983 [ECF No. 13]. Williams, now a state prisoner, alleges that the Defendants, who are officers with the Palm Beach County Sheriff's Office ("PBSO"), violated his right to be free from "excessive use of force" when they "hoisted [him] up and slammed [him] violently into the ground" and "shackled" his legs when he was a pretrial detainee. Am. Compl. at 7. He also claims that the Defendants acted deliberately indifferent by maintaining "unsanitary conditions inside" his jail cell—like leaving "[f]eces and human bod[ily] fluids . . . on the floor, walls, sink, and toilet." *Id.* at 8. Williams seeks $400,000 in "compensatory, punitive, and emotional damages." *Id.* at 10.

There's just one problem: Williams didn't verify his amended complaint when we ordered him to do so.[1] In directing Williams to amend his complaint, we explained that "a civil-rights complaint submitted by a *pro se* prisoner 'must be signed under penalty of perjury.'" Order to Amend [ECF No. 4] at 2 (first quoting S.D. FLA. L.R. 88.2; and then citing FED. R. CIV. P. 11(a) ("*Unless a rule or statute*

---

[1] Williams actually filed *two* amended civil-rights complaints [ECF Nos. 11, 13], but we find that the later-amended pleading supersedes the first and is therefore the operative pleading. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading[.]"). In any event, Williams didn't sign *either* pleading under the penalty of perjury.

*specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added))). We told Williams *again* that his "amended complaint . . . must be signed under the penalty of perjury[.]" *Id.* at 10. And we also warned him that his "failure to file the amended complaint . . . in compliance with this Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders." *Ibid.* (citing FED. R. CIV. P. 41(b)).

Since Williams has clearly ignored both our orders and our Local Rules, we now dismiss this case.[2] *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **DISMISSED without prejudice** for failure to prosecute and for failure to comply with this Court's orders. *See* FED. R. CIV. P. 41(b). This case remains **CLOSED**.

---

[2] Because Williams's claims began accruing on March 14, 2025, the statute of limitations on his civil-rights claim hasn't expired, which allows him to refile his complaint in a new case. *See* Am. Compl. at 4 (alleging that the "events giving rise" to his claim "arose . . . on March 14, 2025" (cleaned up)); *see also McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (stating that claims brought under 42 U.S.C. § 1983 are "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought"); *Nazario v. Kissimmee Util. Auth.*, 2024 WL 5673614, at *2 (M.D. Fla. Jan. 9, 2024) (Norway, Mag, J.) (recognizing that, "[i]n Florida, the relevant statute of limitations is two years" for § 1983 claims filed after March 24, 2023 (citing Florida Statute § 95.11(4)(a))).

**DONE AND ORDERED** in the Southern District of Florida on December 10, 2025.

ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc:      Kareem Andre Williams, *pro se*